UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| VERSUS | * | CASE NO. 09-CR-157 |
| | * | |
| CHARLES RAYMOND | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## RAYMOND'S MEMORANDUM OF LAW IN SUPPORT OF PETITION FILED UNDER 28 U.S.C. §2255

Now into court comes CHARLES RAYMOND, through undersigned counsel, and offers the following law and argument in support of this Honorable Court granting petitioner an out of time appeal under 28 U.S.C. §2255, to wit:

### TIMELINESS

Charles Raymond was originally sentenced on January 21, 2012. That sentence was modified on April 2, 2012. 28 U.S.C. §2255 provides that a petition under this statute must be filed within one year of the finality of conviction. No appeal was taken, thus said conviction was final when the sentence was modified on April 2, 2012. Accordingly, said petition is timely filed.

### RAYMOND'S APPOINTED TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO FILE A TIMELY NOTICE OF APPEAL OR A TIMELY MOTION TO WITHDRAW AS COUNSEL OF RECORD, WHICH WOULD HAVE PROMPTED APPELLATE COUNSEL TO BE APPOINTED BY THE CJA PANEL

To prove that an attorney's performance was so deficient that it implicated the Sixth Amendment's right to counsel, petitioner must show that counsel's performance was (1) objectively unreasonable under prevailing professional norms and (2) that petitioner

was prejudiced by that deficient performance. *Strickland v. Washington*, **466 U.S. 668, 688-90, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).** Trial counsel's performance here satisfies both prongs.

The Fifth Circuit discussed the jurisprudence surrounding failure to file a timely notice of appeal and ineffective assistance of counsel:

> In *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed2d 985 (2000), the Supreme Court held that the failure to file a requested NOA is per se ineffective assistance of counsel, with or without a showing that the appeal would have merit. *Id.* at 483-86, 120 S.Ct. 1029. When an attorney fails to file a NOA when requested to do so, then defendant need not demonstrate that he would have been able to raise meritorious issues on appeal. *Id.* at 477-78, 120 S.Ct. 1029. The Court indicated that it would be unfair to require a litigant to argue in a §2255 proceeding that his appeal would have merit. *Id.* at 486, 120 S.Ct. 1029.

*United States v. Tapp*, **491 F.3d 263 (5th Cir. 2007) (footnotes omitted).** Instead, the defendant must only demonstrate that there is a reasonable probability that, but for counsel's failure, he would have timely appealed. *Id.*

Where a petitioner never explicitly requests an appeal, that petitioner can still establish deficient performance by showing that counsel failed to consult with petitioner, and that a reasonable attorney would have done so under the circumstances. *Roe v. Flores-Ortega*, **528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).** For an attorney to "consult," that attorney must advise the client about the advantages and disadvantages of an appeal and make reasonable efforts to ascertain the client's wishes. *Id.* **at 478, 120 S.Ct. 1029;** *United States v. Witherspoon*, **231 F.3d 923, 926 (4th Cir.2000).**

In *Roe* the court held that to show prejudice, the defendant "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with

him about an appeal, he would have timely appealed." *Id.* at **484, 120 S.Ct. 1029.**  Thus, the defendant does not need to show that there was any likelihood he might have prevailed on appeal to show prejudice; rather, he only must demonstrate that he would have appealed had his lawyer asked. *Id.*

In the instant case, it appears that there was a miscommunication between appointed trial counsel, the public defender's office and the defendant regarding the aforementioned appeal.  It is unclear whether trial counsel consulted with Mr. Raymond about his appellate rights.  However, it is clear that Mr. Raymond thought an appeal was being prepared on his behalf.

Trial counsel did attempt to remedy the situation on August 2, 2012, when he filed a motion for out-of time-appeal.  In that filing, trial counsel stated:  "Defense counsel was contacted as recently as July 24, 2012 by a family member who asked for the name of Charles Raymond's appeal lawyer because he [Charles Raymond] did not believe it to be Jason Williams."

Thus, it appears that the above representation alone indicates that had counsel consulted him regarding an appeal or filed a timely notice of appeal and/or a timely motion to withdraw (prompting the CJA panel to appoint an appellate attorney), Charles Raymond would have appealed.  In fact, he mistakenly thought he had an appeal in progress at the time that his family contacted trial counsel on his behalf.

Accordingly, the aforementioned seems to demonstrate that there is a reasonable probability that, but for counsel's failure, Charles Raymond would have timely appealed, and as such, trial counsel's failure to consult or file a timely notice of appeal and/or a timely motion to withdraw constitutes ineffective assistance of counsel per se.

## CONCLUSION

Based on the foregoing facts and law, Charles Raymond, through undersigned counsel, respectfully requests this Honorable Court grant him a hearing to determine whether he is entitled to an out-of-time appeal.

Respectfully submitted:

/s Julie C. Tizzard

JULIE C. TIZZARD #26132
700 CAMP STREET, STE. 101
NEW ORLEANS, LA 70130
PHONE: 504-529-3774
FACSIMILE: 504-529-3776

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on the office of United States Attorney when filed electronically, this the 29th day of March, 2013.

/s/Julie C. Tizzard

Julie C. Tizzard